**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

|  |  |
|---|---|
| In re:   Yvonne Mimms-Evans,   ) | Case No. 10-37250-KLP |
|         )       | Chapter 13 |
|         Debtor.   ) |  |
|         ) |  |

**MEMORANDUM IN SUPPORT OF DEBTOR'S**
**MOTION TO REOPEN PURSUANT TO 11 U.S.C. § 350**

Yvonne Mimms-Evans, the Debtor, by counsel, files this memorandum in support of Debtor's Motion to Reopen Bankruptcy Case No. 10-37250-KLP for the following reasons:

**PROCEDURAL HISTORY**

Debtor Yvonne Mimms-Evans filed a voluntary petition under chapter 13 on October 18, 2010 [doc. 1]. On October 25, 2010, Ms. Mimms-Evans filed her chapter 13 plan and related motions [doc. 9]. The meeting of creditors took place on December 2, 2010, and all proofs of claim were due by March 2, 2011. Fannie Mae was a secured creditor of Ms. Mimms-Evans' primary residence, which is located at 14501 Tealby Dr., Midlothian, VA 23112. Prior to the deadline, Fannie Mae filed its proof of claim in this matter on February 17, 2011 [cl.10].

Eventually, Ms. Mimms-Evans' chapter 13 plan was confirmed on February 9, 2011 [doc. 25]. Ultimately, Ms. Mimms-Evans successfully emerged from bankruptcy by successfully completing the chapter 13 plan in September of 2015 [docs. 46 through 52].

**RELEVANT FACTUAL HISTORY**

Seterus, Inc., as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae") stated in its proof of claim that Ms. Mimms-Evans' current mortgage payment was $2,323.93 and her postpetition payment would remain $2,323.93. Fannie Mae anticipated no change in either the debtor's P&I payment or her escrow payment [cl. 10 at p. 2]. After filing

1

its proof of claim, Fannie Mae sent two letters to Ms. Mimms-Evans, dated March 19, 2012 and April 19, 2012. *See* Decl. of Yvonne Mimms-Evans at ¶ 2, which is attached as Exhibit No. 1. According to both postpetition letters, Fannie May affirmatively stated that "if you make timely payments to the bankruptcy trustee accordingly to your plan, any late fees for delay in payment will be waived upon completion of your plan." *Id.* at ¶ 3. Moreover, Fannie May listed the late charge summary as *none*. *See Id.* at Exs. A and B. Thus, no penalties, including late payments or other additional fees were disclosed to either the debtor or her spouse, Mr. Reginald Evans. *Id.* at ¶ 5. The Debtor paid all of her monthly payments to Fannie Mae through the entire chapter 13 plan period. *Id*. at ¶ 6.

However, despite timely loan repayment, Fannie Mae sent a letter of default to the Debtor for failure to pay additional fees in the amount of $18,564.96 by February 22, 2016. *Id.* at ¶ 7. According to Fannie Mae, the total amount due on February 1, 2016 was $21,294.56, not $2,729.60 (the Debtor's typical mortgage payment). It is apparent that some hidden fee or undisclosed interest rate hike occurred during the pendency of the chapter 13 plan for such a large penalty to be assessed. What is clear is that no notice was provided that accounts for the additional $18,564.96 fee. *Id.* at ¶ 8.

## ARGUMENT

Bankruptcy Code § 350(b) allows three conditions to allow the court to reopen a bankruptcy case: to administer assets; to accord relief to the debtor; and for other cause. *See Huennekens v. Greene (In re Dove)*, 199 B.R. 342, 345 (Banrk. E.D. Va. 1996). Moreover, the court has final discretion beyond 11 U.S.C. § 350. *In re Shelton*, 201 B.R. 147, 151 (Bankr. E.D. 1996). The decision to reopen "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *Katz v. I.A. Alliance Corp*.

*(In re I. Appel Corp.)*, 104 Fed. Appx. 199, 200 (2d Cir. 2004). To reopen a case, the moving party is required to show a sufficient legal basis to reopen the case. *See In re Hardy*, 209 B.R. 371, 374 (Bankr. E.D. VA. 1997).

The facts and law provide ample grounds to reopen this matter.

### 1. Section 350(b) supports reopening this case.

The facts fall well within two of the three conditions to allow the court to reopen the case. Section 350(b) allows a matter to be reopened to accord relief to the debtor and for other causes. Here, after completing the confirmed chapter 13 plan, the debtor is unable to have the fresh start that bankruptcy law allows because of Fannie Mae's conduct. Rather, Fannie Mae failed to disclose some unapparent fee that was required to be disclosed. *See* Fed. R. Bank. P. 3002.1. It appears that given the conduct of Fannie Mae, the court could reopen this cause to either provide relief to the Debtor or for other causes. Certainly, it is unequitable to reward Fannie Mae with an undisclosed fee that was assessed after the Debtor made full payment of her mortgage throughout the entire chapter 13 plan. The unique facts and circumstances support reopening this matter to provide additional relief to the Debtor or to address the unequitable conduct of Fannie Mae.

Either under Section 350(b) or the Court's inherent discretion, sufficient facts warrant reopening.

### 2. Federal Rule of Bankruptcy Procedure 3002.1 provides sufficient legal basis to reopen this matter.

Once a party is able to meet the requirements under Section 350(b), the movant is required to demonstrate that there is a legal basis to reopen the case. During the pendency of the chapter 13 matter, a secured creditor is required to file and serve a notice if "any change in the payment amount, including any change that results from an interest rate or escrow amount adjustment, no later than 21 days before a payment in the new amount is due." FRBP 3002.1(b).

3

Here, no notice of additional moneys owed to Fannie Mae were ever filed and served upon the debtor. Rather, it appears that undisclosed fees accrued during the pendency of the bankruptcy matter; however, Fannie Mae waited until after the discharge to assess over $18,000 in fees against the debtor. This apparent failure alone provides sufficient legal relief to warrant the case be reopened; however, additional violations may have occurred.

FRBP 3002.1 provides that within 30 days of the debtor making a final payment under the chapter 13 plan, the trustee must file and serve notice stating that the debtor has paid in amount required to cure any default on the claim. Upon notice, the *creditor* is required to file and serve a response indicating whether the creditor agrees that the debtor has cured the default. Upon filing this response under subsection (g), either the trustee or debtor may file a motion with the court and only *after a notice and hearing*, the court can determine "whether the debtor has cured the default and paid all required postpetition amounts." FRBP 3002.1(h).

Here, the trustee filed and served its report of completion of plan payments on July 23, 2015. Doc. 47. Notice was provided to Fannie Mae regarding issuance of a chapter 13 discharge on July 26, 2015 [doc. 48]. Fannie Mae did not file a response under FRBP 3002.1(g) and the case was closed on September 10, 2015. *See* Docket Report. Despite failing to file a response under subsection (g), Fannie Mae elected to assess over $18,000 in fees postpetition, which occurred outside of the watchful eye of the trustee and this court. Given the enormous fee being imposed upon the debtor despite timely payment of her postpetition payments, one is left with the conclusion that undisclosed fees were accruing during the bankruptcy matter.

The law allows statutory remedies to be imposed against Fannie Mae after notice and hearing if such conduct did in fact occur. *See* FRBP 3002.1(i). It is possible and even likely that a proportion of this $18,000 fee should have been disclosed during the chapter 13 matter, and the

4

opportunity for Fannie Mae to seek these additional changes is precluded. *Id.* at (i)(1). Thus, both the law and support the court reopening this matter to allow a hearing based upon remedies afforded under FRBP 3002.1.

WHEREFORE, for the following reasons, the Debtor hereby requests this Court to enter an order reopening the case.

Respectfully submitted this 24th day of February 2016.

                YVONNE MIMMS-EVANS
                By Counsel

/s/ Martin C. Conway
Martin C. Conway, VSB No. 34334
The Martin Conway Law Firm, PC
1712 Financial Loop
Woodbridge, VA 22192
855-848-3011
571-285-3334 (facsimile)
martin@conwaylegal.com
*Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing was filed electronically via CM/ECF and mailed, postage prepaid on February 24, 2016 to all creditors on the mailing matrix maintained by the court and the parties in interest below:

Yvonne Mimms-Evans
PO Box 4896
Midlothian, VA  23112
*Debtor*

Suzanne E. Wade
PO Box 1780
Richmond, VA 23218-1780
*Chapter 13 Trustee*

               /s/ Martin C. Conway
               Martin C. Conway